Dear Mr. Ponder:
This office is in receipt of your letter dated December 18, 1996 requesting an Attorney General Opinion regarding video draw poker devices.
Your question as I understand it is whether as a result of a majority of the voters of East Baton Rouge Parish voting against permitting the continuance of the operation of video draw poker devices, are video poker machines prohibited from being operated on riverboats licensed to conduct gaming activities in East Baton Rouge Parish?
After review of the relevant statutory provisions this question must be answered in the negative. Video poker machines used on licensed riverboats are not prohibited as a result of the November 5, 1996 election.
La. R.S. 18:1300.21 provides in part;
 A. (1) All forms of gaming activity as defined in Paragraph (3) of this Subsection shall be discontinued unless a majority of electors voting in the election provided for in this Section permit the continuance of such gaming activity.
 (2) At the time of the 1996 congressional general election, a proposition shall appear on the ballot in every parish to determine whether the conducting of gaming activity shall be permitted in the parish.
 (3) As used in this Section, "gaming activity" means with respect to what is authorized by law prior to the effective date of this Section in each parish, the operation of video draw poker devices, the conduct of gaming on a riverboat
upon a designated river or waterway, or the conducting of land-based casino gaming operations at the official gaming establishment.
 B. (1) The ballot for the election shall provide as follows:
"Local Option Election"
 Within ___________ (name of parish or other voting area authorized by law):
 (a) Shall the operation of a land-based casino be permitted? YES ( ) NO ( )
 (b) Shall riverboat gaming activities be permitted? YES ( ) NO ( )
 (c) Shall the operation of video draw poker devices be permitted? YES ( ) NO ( )"
 (2) The secretary of state shall prepare the ballot for the election by deleting from the ballot for use in each parish the ballot question pertaining to riverboat gaming in each parish not adjoining a river or waterway designated in R.S. 4:503 and by deleting from the ballot the question pertaining to the land-based casino in each parish in which an official gaming establishment is not located as provided in R.S. 4:603.
 C. A majority of votes cast on each proposition shall separately determine that issue for each parish.
On November 5, 1996 the citizens of East Baton Rouge Parish voted against permitting the continuance of the operation of video draw poker devices by a vote of 86,701 (No) to 70,316 (Yes). The citizens of East Baton Rouge Parish voted in favor of permitting the continuance of the gaming activity conducted on licensed riverboats by a vote of 95,580 (Yes) to 66,744 (No).
The operation of video draw poker devices is authorized by law pursuant to the provisions La. R.S. 27:301 et seq. (formerly La. R.S. 33:4862.1 et seq.).
The conduct of gaming on riverboats is authorized by a different Part of the Louisiana Revised Statutes specifically La. R.S.27:41 et seq. (formerly La. R.S. 4:501 et seq.)
Licensed riverboats in East Baton Rouge Parish and elsewhere in the state are authorized to conduct games and gaming activities and use gaming devices and gaming equipment as provided in La. R.S. 27:44 (10)-(12).
All gaming devices in operation on licensed riverboats, including video poker machines, have been approved by the Riverboat Gaming Enforcement Division of the Louisiana State Police and are now subject to the regulatory authority of the Louisiana Gaming Control Board, La. R.S. 27:1 et seq.
Thus the "gaming activity" which, pursuant to the provisions of La. R.S. 18:1300.21 A.(1), shall be discontinued in the East Baton Rouge Parish is the operation of video draw poker devices authorized pursuant to the provisions of La. R.S. 27:301 et seq. (formerly La. R.S. 33:4862.1 et seq.). This refers to operation by those enumerated licensee categories under La. R.S. 27:306, i.e. licensed establishments (restaurants, bars, lounges, hotels, motels), pari-mutuel wagering facilities, off-track wagering facilities, and qualified truck stop facilities.
La. R.S. 18:1300.21 D further provides that no new licenses shall be issued to conduct gaming operations in a parish voting not to continue the particular gaming activity, but allows two renewals of existing video poker licenses, or until June 30, 1999, provided the licensee is in compliance with all laws and regulations.
In conclusion, it is the opinion of this office that only the operation of video draw poker devices authorized pursuant to the provisions of La. R.S. 27:301 et seq. shall be discontinued as a result of the November 6, 1996 election in East Baton Rouge Parish in accordance with La. R.S. 18:1300.21. The "No" vote relative to ballot item (c), the operation of video draw poker devices does not affect gaming operations conducted on licensed riverboats in East Baton Rouge Parish.
Hopefully this opinion addresses your concerns. If you have additional questions, please feel free to call. Sincerely,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ________________________________ Thomas A. Warner, III Assistant Attorney General Deputy Director, Gaming Division